**Sheryl THALER, Plaintiff—Appellant,**

v.

**HARRAH'S OPERATING COMPANY, INC., Defendant—Appellee.**

No. 03–16989.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 17, 2005.

Decided April 1, 2005.

Kenneth James McKenna, Reno, NV, for Plaintiff–Appellant.

Susan Heaney Hilden, Esq., Littler Mendelson, P.C., Reno, NV, Patrick H. Hicks, Esq., Littler Mendelson, Las Vegas, NV, for Defendant–Appellee.

Before: THOMAS, PAEZ, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Sheryl Thaler appeals from the district court's grant of summary judgment in favor of Harrah's Operating Company, Inc. ("Harrah's") on her claims of violation of the Equal Pay Act (29 U.S.C. § 206(d)(1)) and gender discrimination, as well as retaliation under Title VII of the Civil Rights

Act of 1964 (42 U.S.C. § 2000e–2). The district court found that Thaler had not alleged any facts which, if believed, would rebut the legitimate reasons for Harrah's actions. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

A grant of summary judgment is reviewed de novo. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001). "A reviewing court must view the evidence in the light most favorable to the non-moving party and determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1329 (9th Cir. 1996).

Thaler's equal pay claim is controlled by *Corning Glass Works v. Brennan*, 417 U.S. 188, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974). Accordingly, Thaler has the burden of proving that Harrah's paid different wages to employees of the opposite sex for equal work. *Id.* at 195, 94 S.Ct. 2223; *Hein v. Or. Coll. of Educ.*, 718 F.2d 910, 913 (9th Cir.1983). Once a plaintiff establishes a prima facie case, the burden shifts to the employer to prove that the differential in wages is justified under one of the Equal Pay Act's four exceptions. *Corning Glass Works*, 417 U.S. at 196, 94 S.Ct. 2223; *Hein*, 718 F.2d at 913. If the defendant establishes a justification for the alleged differential, the plaintiff can still prevail by showing that the practice was used as a pretext for discrimination. *Wambheim v. J.C. Penney Co., Inc.*, 705 F.2d 1492, 1495 (9th Cir.1983).

Even assuming that Thaler established a prima facie case of equal pay discrimination, Thaler failed to present sufficient evidence to raise a genuine triable issue of

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fact regarding pretext. Harrah's presented two neutral explanations for the men's starting salaries: (1) the men were promoted over a year and a half after Thaler, during which time the starting pay for the supervisor position had increased; and (2) the men had worked for Harrah's for longer periods of time than Thaler. Thaler failed to present evidence showing that these reasons were false or pretextual. The district court properly granted Harrah's summary judgment on Thaler's equal pay claim.

■ On her Title VII gender discrimination claim, Thaler on appeal only argues that the district court erred in granting summary judgment for the same reasons that it erred in granting summary judgment on her equal pay claim. Accordingly, our rejection of Thaler's arguments on her equal pay claim is dispositive of her arguments on gender discrimination. The district court properly granted Harrah's summary judgment on Thaler's Title VII gender discrimination claim.

■ In order for Thaler to establish a prima facie case of retaliation under Title VII, she must show (1) involvement in activity protected under Title VII, (2) that the employer subjected her to an adverse employment decision, and (3) that there was a causal link between the protected activity and the adverse employment decision. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir.2000). At the summary judgment stage, Thaler's prima facie case need not be proved by a preponderance of the evidence. *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 731 (9th Cir. 1986)

Thaler claims that in response to her complaint about pay in October 1991, Harrah's embarked on a campaign to remove her from the company. Thaler argues that acts in furtherance of this campaign included being: (a) passed over for the supervisor position because of her protected activity, (b) investigated in December 2001 for sexual harassment of another Harrah's employee; (c) reprimanded in January 2002; (d) required to work the same shift as the complaining employee in February 2002; and (e) terminated in December 2002.

Thaler's argument fails because Harrah's presented legitimate reasons for its actions and Thaler, instead of offering evidence that might show that these reasons were pretextual, basically admitted the facts underlying Harrah's reasons. In the summer of 2001, Thaler had an affair with a subordinate employee, Brigham. Brigham subsequently complained to Harrah's about Thaler. Harrah's stated that Thaler was not promoted because she would have had to supervise Brigham, because it appeared that she had improperly attempted to have Brigham transferred with her to the graveyard shift, and because she had accessed personnel files for improper purposes. Harrah's explained that Thaler was subsequently investigated and reprimanded because it received further complaints from Brigham. Thaler offered nothing to rebut Harrah's reasons and its evidence that Brigham did complain. It further appears that any harm to Thaler from being placed on the same night shift as Brigham would have been minimal in light of the evidence that the placement was the result of Harrah's regular rotation and that Brigham, at her request, was moved off the shift after four nights.

Harrah's terminated Thaler's employment in December 2002, some ten months after the prior alleged act of retaliation and three months after Thaler filed this lawsuit. The reasons Harrah's gave for discharging Thaler were that she brought a velcro basketball game into the surveillance room in violation of company rules, initially denied having done so, and told

subordinates not to tell management that she was the source of the game. Again, Thaler admitted to the underlying facts in her deposition.

As Thaler failed to show the requisite causal link between her allegedly protected activities and the subsequent actions taken by Harrah's, the district court properly granted Harrah's summary judgment on Thaler's retaliation claim.

Our review of the record reveals that the evidence submitted by Thaler, even when viewed in the light most favorable to her, fails to raise any genuine issue of material fact. Accordingly, the district court's grant of summary judgment in favor of Harrah's and against Thaler is AFFIRMED.